UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE ROGERS,<br>       Plaintiff, | :<br>:<br>: | |
| | : | CASE NO. 3:16-cv-715 (MPS) |
| v. | :<br>: | |
| SCOTT SEMPLE, et al.,<br>       Defendants. | :<br>:<br>:<br>: | NOVEMBER 15, 2016 |

_____

**ORDER**

Plaintiff Wayne Rogers, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 asserting claims for deliberate indifference to safety and violation of due process.  By Initial Review Order filed June 1, 2016, the Court dismissed all claims against defendants Semple, Chapdelaine and Hines, and ordered service on defendants Whidden, Aldi and Rivera on the claim for deliberate indifference to safety only.

On September 28, 2016, the defendants filed a motion to dismiss.  In addition to his opposition to the motion to dismiss, Plaintiff has filed an amended complaint.  Rule 15(a) provides that the plaintiff may amend his complaint once as of right within 21 days after service or, if a responsive pleading is required, within 21 days after the defendants file an answer or motion to dismiss.  Fed. R. Civ. P. 15(a)(1).  Plaintiff filed his amended complaint eight days after the defendants filed their motion to dismiss.  Thus, the amended complaint is timely filed.

However, an amended complaint completely replaces the original complaint.  *See Arce v.*

*Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." (internal quotation marks and citation omitted)).  In the Initial Review Order, the Court determined that Plaintiff's claims for deliberate indifference to safety against defendants Whidden, Aldi, and Rivera would proceed.  In his amended complaint, Plaintiff includes general claims for deliberate indifference to safety and failure to protect him from harm against all defendants and a claim for supervisory liability against defendants Salius, Murphy and Hines.  ECF No. 26, ¶¶ 31-33.  Although the Court previously stated that the deliberate indifference claim against defendant Whidden would proceed, Plaintiff includes no factual allegations to support this claim in the amended complaint.

Many of Plaintiff's claims relate to incidents occurring in 2013.  As these claims would be time-barred if he tried to reassert them at this time, the Court will afford Plaintiff the opportunity to review his amended complaint and file a second amended complaint if he determines that he omitted any claims.  Any second amended complaint shall be filed on or before December 14, 2016.  If no second amended complaint is filed by that date, the Court will consider only the claims included in the first amended complaint filed on October 6, 2016.  Within 21 days of December 14, 2016, the Defendant shall respond to the operative complaint, including by renewing its motion to dismiss (in which case it may incorporate prior briefing by reference), by filing a new motion to dismiss, or by filing an answer.

**SO ORDERED** this   15th day of November 2016 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge